Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7913 | **DATE** | 10/18/2001 |
| **CASE TITLE** | Alta Mere Industries vs. Patrick J. Aguilar | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This action is set for a status hearing at 9 a.m. October 25, 2001. At that time Alta Mere's counsel must be prepared to explain orally (if he has not previously filed something in writing) as to the basis on which this action has been brought and should be entitled to remain here.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 19 2001 | 2 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/18/2001 | |
| SN | courtroom deputy's initials | 01 OCT 18 AM 9:40 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALTA MERE INDUSTRIES, INC., )
)
            Plaintiff, )
)
v. )   No. 01 C 7913
)
PATRICK J. AGUILAR, et al., )
)
            Defendants. )

DOCKETED
OCT 19 2001

MEMORANDUM ORDER

    Alta Mere Industries, Inc. ("Alta Mere") has just sued Patrick and Leslie[1] Aguilar (collectively "Aguilars") in a two-count Complaint arising out of the asserted breaches of an August 17, 1994 franchise agreement ("Agreement") between AMI Franchising, Inc. ("AMI," Alta Mere's predecessor in interest) as franchisor and Aguilars as franchisee. Count I sounds in asserted trademark infringement under the Lanham Act, while Count II is a breach of contract claim. Because the Complaint is obviously troublesome in important respects, this memorandum order is issued sua sponte to require Alta Mere to explain how and why this action belongs in this judicial district.

    It is plain that the current Complaint is computer-generated (or is otherwise untouched by human hands or the human mind) in some respects--Count II's prayer for relief asks for judgment in favor of Alta Mere and against David Glenn Cox (who is apparently

---

    [1] Alta Mere's Complaint has misspelled that first name, which is shown as "Lesli" in the underlying documentation.

2

a target of some other similar lawsuit by Alta Mere). But what is clearly problematic is the fact that the Agreement was between AMI, a Texas corporation with its principal place of business in that state, and Aguilars as New Mexico residents who obtained a franchise to own and operate an Alta Mere shop in Albuquerque. It is scarcely surprising, then, that Section 17H of the detailed 34-page printed Agreement (exclusive of exhibits), a form that was obviously prepared by franchisor AMI, stated that except to the extent covered by federal law, the franchise and the parties' relationship would be governed by New Mexico law (the location of the franchise), and it then continued this way:

> Franchisee agrees that Franchisor may institute any action against Franchisee arising out of or relating to this Agreement in any sate [sic] or federal court of general jurisdiction in Tarrant County, Texas and Franchisee irrevocably submits to the jurisdiction of such courts and waives any objection he may have to either the jurisdiction or venue of such courts.

That being the case, more than considerable doubt is cast upon Alta Mere's boilerplate allegation in Complaint ¶6 "that a substantial part of the events giving rise to the claim occurred in this district"--an effort to support the existence of venue here. Indeed, given the manner in which franchise operations are generally conducted, it also appears highly questionable that personal jurisdiction may be asserted over Aguilars here in

2

Illinois.[2]

This action is set for a status hearing at 9 a.m. October 25, 2001. At that time Alta Mere's counsel must be prepared to explain orally (if he has not previously filed something in writing) as to the basis on which this action has been brought and should be entitled to remain here (contentions that must be advanced in objective good faith, if counsel are to comply with the obligations of every lawyer under Fed. R. Civ. P. 11(b)).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 17, 2001

---

[2] It may be said parenthetically that even were a different answer to be given to the two questions just posed by the text, it would seem almost certain that a 28 U.S.C. §1404(a) motion would trigger a transfer of this action to the District of New Mexico.